### KIDD v. CHAMBERS.

Court of Appeals of Kentucky.
May 22, 1953.

474

D. L. Pendleton, Jr., J. Smith Hays and Williams Hays, Winchester, for appellant.

: C. F. Spencer, Winchester, Redwine & Redwine, Winchester, for appellee.

DUNCAN, Justice.

This action in ejectment was instituted by appellee to recover the possession of approximately fifteen acres of land situated in Powell County, Kentucky, on the waters of Lulbegrud Creek. The Chancellor adjudged title and the right of possession in appellee. Appellant complains that the land awarded to appellee includes a portion of a forty-one acre boundary owned by her.

The paper title of neither party is deducible from the Commonwealth. Appellant claims under a deed executed to her deceased husband in 1892 under color of which she has resided on the land continuously since that date. Appellee contends that the fifteen-acre boundary claimed by her was acquired by her father, Wallace Gatewood, many years ago from J. B. Hoskins. It is claimed that the original deed was lost and the heirs of J. B. Hoskins, on May 8, 1919, executed a second deed, reciting the loss or destruction of the original. Wallace Gatewood conveyed the land to appellee on April 30, 1920.

Testimony in behalf of appellee indicates that her father resided on the Hoskins land from prior to 1909 until his death in 1923. Following the death of Wallace Gatewood, appellee's nephew, Asa Davis, resided upon the land as her tenant until the house was destroyed by fire in 1936. Davis and other witnesses testified that there was a barbed wire fence separating the land claimed by appellee and the boundary occupied by ap-

pellant and there was never any controversy or claim by the latter to the land on appellee's side of the fence. On the other hand, appellant, while admitting that Gatewood and Davis resided upon the land, insists that they did so as her tenants. She and her witnesses also assert that the house in which Gatewood resided was destroyed by fire in 1918 rather than 1936 and there has been no occupancy of the land by Gatewood or Davis since that time, either as tenants or otherwise.

The testimony is irreconcilable. The issue is strictly one of fact, and it cannot be said with reasonable certainty that the Chancellor erred in his conclusion. Under the circumstances, the finding of the lower court will not be disturbed.

The judgment is affirmed.